This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**


**SECRETARY, NEW MEXICO**
**TAXATION AND REVENUE**
**DEPARTMENT,**

Petitioner-Appellee

v.                                                                    **NO.   31,014**

**CHARLES NORIEGA, d/b/a**
**BUMPER TO BUMPER**
**AUTO REPAIR,**

Respondent-Appellant.


**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

N.M. Taxation and Revenue Department
Lewis J. Terr, Special Assistant Attorney General
Santa Fe, NM

for Appellee

Santiago E. Juarez
Santa Cruz, NM

for Appellant


**MEMORANDUM OPINION**

**VIGIL, Judge.**

Appellant Charles Noriega, d/b/a Bumper to Bumper Auto Repair, appeals the district court's order of contempt and order appointing receiver to abate nuisance. This Court filed a notice of proposed summary disposition on March 7, 2011, proposing to affirm. Appellant filed a memorandum in opposition on March 30, 2011, which we have given due consideration. We affirm the district court.

Appellant asserts that there was insufficient evidence that he operated an auto recycling business, as that term is defined by statute. He agrees that the facts set forth in this Court's notice of proposed summary disposition are undisputed. [MIO 1] The evidence before the district court established that Appellant was having entire vehicles crushed on his property, that he offered entire crushed vehicles for sale to recycling entities, and that he did not have an auto recycler license. [CN 5-6] Appellant argues that NMSA 1978, Section 66-4-1.1(A) (2005) does not cover this conduct. [MIO 2-3] We conclude that the crushed vehicles in Appellant's possession satisfied the definition of "wrecked, dismantled or partially wrecked or dismantled vehicles," as used in the statute, and that selling them constituted selling "used vehicle parts or vehicle scrap material" as used in the statute.

For the reasons discussed in our notice of proposed summary disposition, we conclude that the district court correctly ruled that a preponderance of the evidence showed that Appellant operated an auto recycling business without a license. We also

conclude that this conduct violated court orders in effect since 2004, and that the district court did not abuse its discretion when it held Appellant in contempt and appointed a receiver to abate the nuisance.

For these reasons, we affirm the district court.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**